**Opinion issued July 28, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-25-00015-CR**

———————————

**TERRELL PAUL DUNHAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 21-DCR-096792**

## MEMORANDUM OPINION

Appellant Terrell Paul Dunham pleaded guilty to the offense of possession of between one and four grams of a controlled substance. The trial court deferred adjudication of guilt and placed Dunham on community supervision for five years.

The State moved to adjudicate guilt and revoke Dunham's community supervision, alleging multiple violations of the supervision conditions. At a hearing on the motion, Dunham pleaded true to all allegations raised in the motion to adjudicate except an allegation that he had committed a new offense. The State then presented evidence supporting that allegation.

Following argument by the parties, the trial court found all allegations alleged in the motion to revoke to be true. The court also determined that the "best option" was to require Dunham to participate in treatment at a Substance Abuse Felony Punishment Facility. The court signed a modified order of deferred adjudication. The order stated that the court found that Dunham had committed eighteen violations of the community supervision conditions, but the order also stated: "Adjudication of guilt deferred, defendant returned to deferred adjudication community supervision."[1] The court, therefore, did not adjudicate Dunham's guilt of the charged offense, nor did it revoke his community supervision. Instead, the court modified the community supervision conditions to add multiple new conditions, including a condition that he remain in a Substance Abuse Felony Punishment Facility for at least 90 days. Dunham filed a notice of appeal from the modified deferred adjudication order.

---

[1] Under "Punishment and Place of Confinement," the order stated: "The defendant's conditions of probation are modified to include attendance at and completion of the SAFP program."

The right to appeal "is not of constitutional magnitude, but is derived entirely from statute." *Rushing v. State*, 85 S.W.3d 283, 285 (Tex. Crim. App. 2002). It is well-settled that an order modifying the terms or conditions of deferred adjudication community supervision is not appealable. *See Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006) (noting that Legislature has authorized appeal of only two types of orders relevant to deferred adjudication: orders granting deferred adjudication and orders imposing punishment following adjudication of guilt); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) (concluding no constitutional or statutory authority conferred jurisdiction to hear appeal from order altering or modifying, or refusing to alter or modify, probation conditions); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) ("The Legislature has not conferred the right to have an order modifying community supervision conditions reviewed by appeal, and case law directs that no such right exists.").

Here, the trial court modified the conditions of Dunham's deferred adjudication community supervision. It did not adjudicate Dunham's guilt, revoke his community supervision, or impose punishment for the charged offense. *Cf.* TEX. CODE CRIM. PROC. art. 42A.110(a) ("*After an adjudication of guilt*, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal, continue as if the adjudication of

guilt had not been deferred.") (emphasis added). Because the order that Dunham attempts to appeal is not appealable, we conclude that we lack appellate jurisdiction over this appeal. *See Christopher*, 7 S.W.3d at 225.

We therefore dismiss this appeal for want of jurisdiction.

David Gunn
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).